IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE PORTE,                        :
                                    :
            Petitioner              :
                                    :
      v.                            :      CIVIL NO. 4:CV-04-1534
                                    :
WARDEN, FCI-ALLENWOOD,              :      (Judge Jones)
                                    :
            Respondent              :


**<u>MEMORANDUM AND ORDER</u>**

January 9, 2006

**<u>Background</u>**

Jorge Porte ("Porte" or "Petitioner"), an inmate confined at the Allenwood

Federal Correctional Institution, in White Deer, Pennsylvania ("FCI-Allenwood"),

filed this <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Service of the Petition was previously ordered.  In addition, the Warden of FCI-

Allenwood was substituted for Disciplinary Hearing Officer ("DHO") S. Biafore as

the sole Respondent in this matter.

Petitioner states that during September, 2003, he was issued a disciplinary

report while confined at the Federal Correctional Institution, Elkton, Ohio ("FCI-

Elkton").  The disciplinary report accused him of assaulting inmate Richard Javens

on June 22, 2002.  Specifically, an investigation by the prison's Special

Investigative Service ("SIS") concluded that Porte stabbed Javens multiple times

with a ten to twelve inch weapon.  Petitioner was subsequently found guilty of the

charge by DHO Biafore and sanctioned to a forty-one (41) day loss of good time

credit, ordered to make monetary restitution, and was recommended for a

disciplinary transfer.

Porte's present action asserts that he was denied due process during his

disciplinary proceedings.  Petitioner initially states that he was never interviewed

by the SIS and that his placement in segregated housing during the prolonged delay

between the June 2002 incident and the September 2003 initiation of the

disciplinary charges, greatly impaired his ability to gather evidence and confer with

potential witnesses.  Petitioner also notes that the original disciplinary charge was

dismissed and subsequently rewritten and served on November 3, 2003.  The

Petition next contends that the written misconduct charge was not supported by

any evidence and the DHO found Porte guilty "without giving appellant a hearing,

and without my statement of defense."  (Rec. Doc. 1 at 6).

Furthermore, after going on a hunger strike while in segregated confinement,

Petitioner claims that he was physically forced to undergo a medical examination

which included the taking of blood and urine samples.  His Petition additionally

maintains that he was subjected to unconstitutional treatment while in segregation,

including denial of counseling, religious services, correspondence, telephone and

law library privileges because he is of his Hispanic descent.  As relief, Porte seeks

expungement of the misconduct charge and reversal of all resulting sanctions

including restoration of his forfeited good time credit.

Respondent seeks dismissal of the Petition on the grounds that Porte failed

to exhaust his administrative remedies.  Alternatively, Respondent maintains that

Petitioner was afforded due process during the course of his disciplinary

proceedings.  It is additionally argued that any claims which do not regard the

legality or duration of Porte's ongoing confinement are not properly asserted in a §

2241 action.

**Discussion**

      **A.**    **Conditions of Confinement**

As noted above, Porte's action includes claims that he subjected to

unconstitutional conditions while housed in segregated confinement.  Petitioner

also contends that prison officials provided him with disparate treatment because

he is Hispanic and that he was physically forced to give blood and urine samples.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).   Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the Petition, it is clear that Porte's above listed claims regarding his treatment while in segregated confinement do not  challenge the legality of either his underlying criminal conviction or resulting sentence.  Such claims also do not assert that his sentence has been improperly calculated or otherwise attack the length of his present incarceration.  The purportedly unconstitutional actions did not include a loss of good time credits or otherwise extend the length of his confinement.

Thus, such alleged unconstitutional acts did not adversely affect the fact or duration of Petitioner's incarceration.  See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997) (McClure, J.) (alleged improper placement in administrative confinement is not a basis for relief under § 2241).  Accordingly,

4

"habeas corpus is *not* an appropriate or available federal remedy." <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, Petitioner's claims regarding his treatment while in segregated confinement will be denied as meritless without prejudice to any right Porte may have to reassert said claims in a properly filed civil rights complaint.[1] <u>See</u>  <u>David v. United States</u>, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition); <u>see also</u> <u>Hewlett v. Holland</u>, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not <u>habeas</u> <u>corpus</u> claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

## B.    <u>Administrative Exhaustion</u>

Respondent next argues that Porte failed to fully exhaust his available administrative remedies before initiating this federal habeas corpus action. Specifically, it is asserted that Porte did not initiate a single administrative

---

[1]   In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Porte may file based upon the facts asserted herein.

grievance regarding his present contentions of being denied due process during the course of his disciplinary proceedings.

A federal prisoner seeking mandatory relief from federal prison authorities must exhaust administrative remedies before bringing his or her claim to federal court. <u>Veteto v. Miller</u>, 794 F.2d 98, 100 (3d Cir. 1986); <u>Waddell v. Aldredge</u>, 480 F.2d 1078, 1079-80 (3d Cir. 1973). "A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted his available administrative remedies." <u>Bradshaw v. Carlson</u>, 682 F. 2d 1050, 1052 (3d Cir. 1981).  The doctrine of exhaustion of administrative remedies is well established and a person is not entitled to judicial relief until the prescribed remedy has been exhausted.  <u>McKart v. United States</u>, 395 U.S. 185, 192 (1969); <u>Arias v. U.S. Parole Comm.</u>, 648 F.2d 196, 199 (3d Cir. 1981)(holding that administrative remedies must be exhausted before seeking relief in federal court); <u>U.S. ex rel. D'Agostino v. Keohane</u>, 877 F.2d 1167, 1173-74 (3d Cir. 1989).

The BOP has established a multi-tier Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.[2]

---

2. Matters excluded from this program are set forth at 28 C.F.R. § 542.12, which states as follows:

> (a) An inmate may not use this Program to submit a Request or

See 28 C.F.R. §§ 542.10-542.19 (1998).  "This program applies to all inmates confined in institutions operated by the Bureau of Prisons, to inmates designated to Community Corrections Centers (CCCs) under Bureau of Prisons' responsibility, and to former inmates for issues that arose during their confinement but does not apply to inmates confined in other non-federal facilities."  Id. at § 542.10.

The program provides that, with certain exceptions,  "... an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request For Administrative Remedy."[3]  Id. at § 542.13(a).  Next, if informal resolution fails, the inmate must submit "a formal written Administrative Remedy Request, on the appropriate form

─────────────────────

Appeal on behalf of another inmate.  This program is intended to address concerns that are personal to the inmate making the Request or Appeal, but shall not prevent an inmate from obtaining assistance in preparing a Request or Appeal, as provided in § 542.16 of this part.

(b) Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including tort claims, Inmate Accident Compensation claims, and Freedom of Information or Privacy Act requests.  Staff shall inform the inmate in writing of the appropriate procedure if the Request or Appeal is not acceptable under the Administrative Remedy Program.

3. CCC inmates are not required to seek informal resolution.  Id. at § 542.13(b).  Informal resolution is not required for those matters identified in § 542.14(d), which include sensitive issues and DHO, Control Unit, and Controlled housing status appeals.  Id.  Additionally, informal resolution may be waived in individual cases at the discretion of either the Warden or the institution Administrative Remedy Coordinator "when the inmate demonstrates an acceptable reason for bypassing informal resolution."  Id.

(BP-9)," within 20 "calendar days following the date on which the basis for the Request occurred."  Id. at § 542.14(a).  If a valid reason for delay is given, an extension of the filing time may be granted.  Id. at § 542.14(b).  The Warden has 20 calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form ("BP-10") to the Regional Director within 20 calendar days of the date the Warden signed the response.  Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form ("BP-11") to the General Counsel within 30 calendar days from the date the Regional Director signed the response.  Id.  "When the inmate demonstrates a valid reason for delay, these time limits may be extended."  Id.  The Regional Director has 30 calendar days to respond and the General Counsel has 40 calendar days in which to respond.  Id. at § 542.18.

The response time provided at each level may be extended in writing "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level."  Id.  Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may

consider the absence of a response to be a denial at that level." Id.

In support of the non-exhaustion argument, Respondent has submitted a sworn declaration by Senior Attorney Joseph McCluskey of FCI-Allenwood. (Rec. Doc. 12, Ex. 1). McCluskey states that based upon his review of the BOP's computerized records, Porte previously initiated nine (9) administrative grievances, "none of which address the alleged violation of due process during the disciplinary process." Id. at ¶ 9.

Porte's Petition indicates that he could not initiate an administrative grievance because he was not provided with a copy of the DHO's written decision until after his February 24, 2004 arrival at FCI-Allenwood. He also notes that prior administrative grievances which he filed regarding his segregated confinement were rejected by the BOP. In a reply to Respondent's response, Porte, relying on an attached exhibit, generally asserts that he attempted to initiate a number of grievances which were rejected by his counselor.

Porte has attached a copy of DHO Biafore's November 3, 2003 decision to the Petition as Exhibit C. Petitioner offers no explanation as to why he did not attempt to initiate an administrative appeal following his receipt of the DHO's written decision. Even accepting the veracity of Petitioner's claim that he was not

timely given a copy of the DHO's written decision, it does not warrant a finding

that the exhaustion requirement should be excused.   As detailed above,  the BOP's

administrative review procedures allow for extensions of time to be granted upon

the showing of a valid delay thus, Porte's apparent total failure to seek

administrative relief cannot be excused.

Second, Petitioner's argument that his institutional counselor at FCI-Elkton

rejected administrative grievances is also not compelling.  It is noted that the

attached Exhibit A referenced by Petitioner's reply is a copy of a grievance

asserting claims regarding his pre-hearing segregated confinement at FCI-Elkton.

It was submitted prior to, and is completely unrelated to the subsequent misconduct

hearing conducted by DHO Biafore.  (Rec. Doc. 15, Ex. A).

More importantly, Porte does not contend that he ever filed or attempted to file an

administrative grievance regarding his remaining claims of being denied due

process during his FCI-Elkton disciplinary proceedings.  If Petitioner, as he claims,

was not in a position to seek administrative relief until after his arrival at FCI-

Allenwood, the prior alleged conduct of his FCI-Elkton counselor surely was not a

legitimate basis to bypass the administrative review process since he was no longer

confined at that correctional institution.

In conclusion, the record contains no indication that any grievance relating to the DHO hearing at FCI-Elkton was either filed or rejected by the BOP. The undisputed record clearly shows that Respondent has satisfied his burden of establishing that Porte's present claims relating to the alleged denial of due process during his FCI-Elkton disciplinary proceedings were not administratively exhausted. Since Petitioner has not adequately demonstrated any proper basis as to why he should be excused from the exhaustion requirement, dismissal of the Petition is appropriate.[4]

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Petitioner's claims relating to his pre-hearing segregated confinement are dismissed without prejudice. Those alleged constitutional violations may be reasserted in a properly filed civil rights complaint.

2.  The remaining portion of Porte's Petition for Writ of Habeas Corpus is DISMISSED for failure to exhaust available administrative remedies.

---

[4]   It is additionally noted that the copy of DHO Biafore's November 3, 2003 written decision indicates that Porte was not only present at his disciplinary hearing but also admitted to having committed the alleged misconduct.

3.      The Clerk of Court is directed to CLOSE the case.

4.      Based on the Court's decision herein, there is no basis for the

issuance of a certificate of appealability.


                         s/ John E. Jones III
                         JOHN E. JONES III
                         United States District Judge